# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEFFREY LAGRANDEUR,**
**DOC # M76235,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**Case No. 4:21cv294-MW-MAF**

**LT. J. STOKES, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on July 15, 2021, by submitting a § 1983 civil rights complaint, ECF No. 1, and a Prisoner Consent Form and Financial Certificate, ECF No. 2. Plaintiff did not file a motion requesting leave to proceed in forma pauperis, although it was inferred that Plaintiff intended to do so. *See* ECF No. 4. However, even with that inference, Plaintiff's Prisoner Consent Form, ECF No. 2, was insufficient to demonstrate Plaintiff was entitled to in forma pauperis status. ECF No. 4. Thus, Plaintiff was required to either file an amended in forma pauperis motion or pay the filing fee for this case. *Id.* In particular, Plaintiff was advised that the filing fee for a civil rights case in federal court is

$402.00, and if Plaintiff had the ability to pay that amount, he must do so by August 19, 2021.  *Id.*  Furthermore, Plaintiff was reminded that, as advised in the Prisoner Consent Form, "if a prisoner plaintiff has an account balance of more than $400.00, the prisoner will not qualify for in forma pauperis status."  *Id.*

Although Plaintiff submitted only a partial account statement with his Prisoner Consent Form, ECF No. 2, it indicated that Plaintiff had over $2,500.00 in his inmate account.  Thus, it appeared that Plaintiff had adequate funds with which to pay the fee.  ECF No. 4.

Plaintiff has now filed an in forma pauperis motion, supported by another Prisoner Consent Form.  ECF No. 6.  Again, Plaintiff did not submit an inmate bank account statement showing the prior six month period of time with his motion as required by 28 U.S.C. § 1915(a)(2).  Nevertheless, Plaintiff provided a one month account statement showing the month of July 2021.  ECF No. 6 at 7.  That statement shows that Plaintiff had over $1,500.00 in his inmate account.  *Id.*  As initially filed, Plaintiff's account statement for the month of June 2021 demonstrated that he had over $2,500.00 in his inmate account.  ECF No. 2 at 2.  Accordingly, although Plaintiff's bank account balance has gone down, he still has sufficient funds

with which to pay the filing fee if he wants to proceed with this civil rights case.

Pursuant to the in forma pauperis statute, a federal court may authorize the commencement of a civil lawsuit without prepayment of fees by a person who submits an affidavit showing "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Because Plaintiff has adequate funds with which to pay the filing fee for this case, the in forma pauperis motion, ECF No. 6, should be denied. Plaintiff should be provided 30 days in which to pay the $400.00 filing fee if he desires to proceed with this case. Alternatively, Plaintiff may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a) should she no longer desire to continue this litigation.

## **RECOMMENDED**

It is respectfully **RECOMMENDED** that: (1) Plaintiff's in forma pauperis motion, ECF No. 6, and his prior consent form, ECF No. 2, be **DENIED** because Plaintiff's account statement reveals he has sufficient funds to pay the filing fee for this case; (2) Plaintiff be provided 30 days in

which to pay the $400.00 filing fee; and (3) this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2021.


   s/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv294-MW-MAF