# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JEFFREY LAGRANDEUR,**
**DOC # M76235,**

    **Plaintiff,**

vs.                                                                           Case No.  4:21cv294-MW-MAF

**LT. J. STOKES, et al.,**

    **Defendants.**
_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on July 15, 2021, by submitting a § 1983 civil rights complaint, ECF No. 1, and a Prisoner Consent Form and Financial Certificate, ECF No. 2.  Plaintiff did not file a motion requesting leave to proceed in forma pauperis at that time, *see* ECF No. 4, but he subsequently did so, along with a copy of his inmate bank account, ECF No. 6, which revealed that Plaintiff had over $2,500.00 in his inmate account.  Because Plaintiff had adequate funds with which to pay the filing fee, a Report and Recommendation was entered recommending that Plaintiff's in forma pauperis motion, ECF No. 6, be denied.  ECF No. 7.  That recommendation was adopted without objection, and Plaintiff had until

October 12, 2021, in which to pay the filing fee. ECF No. 8. As of October 14, 2021, no payment had been received.

Recognizing that the COVID-19 pandemic had slowed the progress of financial transactions between the Department of Corrections and this Court, an Order to Show Cause was entered, ECF No. 9, providing Plaintiff with one final opportunity to comply with the requirement to pay the filing fee. Plaintiff was also ordered "to show good cause why this case should not be dismissed for failure to pay the filing fee." *Id.* Plaintiff's deadline to respond was November 10, 2021. *Id.* As of this date, nothing has been received from Plaintiff nor has the filing fee been paid. It appears that Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R.

Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with a court Order. Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011) (stating it "was within the district court's discretion to dismiss the plaintiffs' § 1983 action without prejudice either under Rules 11 and 41(b) or under its inherent authority"). Here, Plaintiff was forewarned that this case would be dismiss if he did not pay the fee. Because he failed to comply and has failed to prosecute this case, dismissal is appropriate.

Case No. 4:21cv294-MW-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on December 2, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv294-MW-MAF